Chad L. Belville
AZ Bar 020771
PO Box 63333
Phoenix, AZ 85082
602-904-5485
Email: cbelville@azbar.org

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Lanning Janosov, an individual; and )<br>Baol LLC, a Delaware Limited Liability Company )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>Ivan Foka, Teens-Boys-World.com, )<br>TBWStudios.com, )<br>and DOES 1-10 inclusive and )<br>DOE COMPANIES 1-10 inclusive )<br>)<br>_____ ) | **No.**<br><br>**COMPLAINT** |

Plaintiff Lanning Janosov and Baol LLC (hereinafter collectively referred to as "Plaintiff" or "PL") by and through its counsel, for its complaint against Defendants Ivan Foka, Teen-boys-world  and TBWStudios (collectively hereinafter referred to as "Defendant" or "Defendants") based upon federal question and supplementary jurisdiction, for just cause presents the Court with the following Complaint and requests for relief.

INTRODUCTION

1

The Internet is an international marketplace of goods and ideas, where national boundaries can be crossed instantly, invisibly, and anonymously and transactions take place with little or no regulation or oversight.  This wide open environment has been compared to the Wild West, with great opportunities for legitimate and illegitimate businesses alike.  Illegitimate businesses sell counterfeit physical goods such as luggage, perfumes, watches, and automobile safety equipment without significant risk of prosecution, even selling counterfeit prescription drugs that may or may not physically harm the consumer. Legitimate music and movies are easily sold online through instant downloads or streaming, but this ease of sale also means ease of theft by intellectual property infringers. A single legitimate download can be replicated and illegally resold or published an unlimited number of times by an infringer.  While the quality of the replications are often inferior to the original, legitimate version, the cost to the infringer is nominal, allowing substantial economic profit.  The ability to transmit infringing replications of copyrighted and trademarked digital intellectual property across national borders makes enforcement of intellectual property rights extremely difficult for legitimate owners.

## JURISDICTION AND VENUE

1.      Plaintiff Lanning Janosov is an individual living in Prague, Czech Republic.

2.      Plaintiff Baol LLC is a Delaware LLC and licensee and stakeholder of intellectual property rights owned by Lanning Janosov

3.      Upon information and belief, Defendant Ivan Foka owns and operates TBWStudio and Teens-Boys-World as alter egos, with beneficial ownership of www.teens-boys-world.com and TBWStudios.com.

4.      The addresses of TBWStudio, Ivan Foka, and Teens-Boys-World will be determined during discovery.

5.      Defendants did not have a registered DMCA agent at the time of infringement.

6.      As set forth in further detail below, to collect the proceeds of its copyright infringement enterprise, Defendants utilize third-party payment processors.  One of these third party payment processors is located at 2353 W. University Drive, Tempe, Arizona 85281; [See Attachment 1 CC Bill Contact Page].

7.      Upon information and belief, all revenues from all sales on the websites teens-boys-world and tbwstudios.com are processed through entities and/or banks located in Arizona

8.      The Teens-Boys-World.com domain name is held by defendants using a registrar located in Kirkland, Washington. [See Attachment 2 Whois Records for Defendants and Attachment 4 ENOM contact information page].

9.      The Court has personal jurisdiction over the Defendants, who have engaged in business activities in and directed to this district, and have committed tortious acts within this district or directed at this district.

10.     Each alien defendant is subject to jurisdiction in any district. See 28 U.S.C. 1391 ("An alien may be sued in any district.") See also Fed. R. Civ. P. 4(k)(2).

11.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 17 U.S.C. § 101 et seq., Section 32 of the Lanham Act, 15 U.S.C. §1114(1), 15 U.S.C. § 1121, 15 U.S.C. §1125, 28 U.S.C. §1331 and 28 U.S.C. §1338.

12.     Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b) and/or (c).

13.     This Court has personal jurisdiction pursuant to 28 U.S.C. §§ 1391(b), (c) and/or (d) and 28 U.S.C. § 1400(a).

<u>PARTIES</u>

14.     Lanning Janosov, (Plaintiff or Plaintiffs herein) is the rightful trademark, copyright, and intellectual property owner of the United States trademarks, copyrights, and intellectual property that is the basis for this action.

15.     Janosov, by and through entities owned or controlled by him, including Baol LLC, the primary licensee in the Untied States, (Plaintiff) is a global leader in the production of legal, high quality, authentic adult all male motion pictures.

16.     Plaintiff grew quickly due to very high quality production, attention to detail in sets, scenes, and procedures, exemplary customer service and successful business models.

17.     The production of pornography is one of the most scrutinized and policed legal enterprises in the country, where state, local and federal regulations all require producers, distributors, and retailers to comply with a myriad of laws and record keeping schemes. Producers navigate the various legal requirements at great expense in order to remain compliant, carefully building government-required databases that must be maintained for inspection even beyond the life of the company.  Plaintiff has meticulously complied with the various laws, rules, and regulations imposed upon production of legitimate adult entertainment and set a high bar for ethical conduct.  Legitimate producers hire only consenting adults, and the final product is only sold to consenting adults through age-restricted channels.  Both men and women participate in front of and behind the camera at jobs that require real skill and dedication.

18.     Plaintiff, through entities owned or controlled, directly employs over 100 people, with the majority of those being technical, high tech, programming, and white collar positions.

19.     Plaintiff's popularity has made it one of the most easily recognized brands in the adult industry and a global leader in legal adult all male films. Plaintiff's highly sought after intellectual property is distributed on a wide range of platforms around the globe, including pay-per-view, internet and mobile devices.  As part of a pattern of sound business practices, Plaintiff

has protected its trade names Bel Ami and Kinky Angels through United States trademark and service mark registrations and protected its videos through United States copyright registrations.

20.    Plaintiff is the producer, distributor, and licensor of its own motion pictures in the United States.  Plaintiff is engaged in the business of producing, distributing, and/or licensing to others, the rights to copy, distribute, transmit and exhibit copyrighted motion pictures and/or other audio visual works.  Plaintiff expends significant amounts of time, money and other resources to produce high quality products, develop supply chains and distribution systems, and build premium brand recognition of their products.

21.    Plaintiff, either directly or through its affiliates or licensees, distributes its copyrighted works in various forms, without limitation, over the Internet, pay-per-view, video on demand, download, digital video discs (DVD's), and other formats, by selling them directly or indirectly to the home viewing market or licensing others to do so.

22.    Plaintiff has registered with the United States Copyright Office its copyrighted works identified in the paragraphs below.  Plaintiff has taken industry standard steps to identify its products, including placing recorded warnings at the beginning and end of video productions that appear whenever those videos are played.  Plaintiff's videos are watermarked with Plaintiff's readily identifiable logos.

23.    Plaintiff's BEL AMI trademark and service mark, international trademark class 009, pre-recorded video tapes, has been continuously used in commerce since February 1993. U.S. Trademark Registration No. 2181754 was registered on August 18, 1998.

24.    Plaintiff's BEL AMI trademark and service mark, international trademark Class 016, have been continuously used in commerce since October 1997.  U.S. Trademark Registration No. 4190297 was registered on August 12, 2012.

25.     Plaintiff has expended considerable effort and expense in promoting its trademark and the goods sold under the trademark service mark BEL AMI.  As a result, the purchasing public has come to know, rely upon and recognize the mark BEL AMI as an international brand of high quality adult entertainment.

26.     Plaintiff's KINKY ANGELS trademark and service mark, international trademark Classes 009 and 041, have been continuously used in commerce since December 2012.  U.S. Trademark Registration No. 4462597 was registered on January 7, 2014

27.     Plaintiff has produced, published and catalogued in excess of 1,000 adults-only or adult-oriented audio-visual works and holds over 200 United States copyrights for its works.

28.     Upon information and belief, Defendant Ivan Foka utilizes website businesses located at www.teens-boys-world.com and www.tbwstudio.com and utilizes various entities to control those websites. These companies are alter egos of Foka, dominated by Foka, and used to evade liability due to illegal copyright infringement.  Evidence to outline the various entities and pierce the corporate veil will be offered following discovery.

29.     Upon information and belief, Defendants conduct business as teens-boys-world.com and www.tbwstudio.com and operate the respective websites [hereinafter Defendants]

30.     Upon information and belief, Defendants directly financially benefit from all sales to teens-boys-world.com and tbwstudio.com.

31.     Defendants compete against Plaintiff in the distribution and sale of adults-only audio-visual works through Internet distribution and divert potential customers from Plaintiff.

32.     Defendants do not list any designated DMCA agent.

33.     Defendants utilize a third-party payment processor commonly known as CC Bill, which is located at 2353 University Avenue, Tempe, Arizona 85281.

34.    Upon information and belief, all online sales revenues are collected by or through CC Bill in Tempe, Arizona and deposited into Arizona banks.  Further, upon information and belief, all proceeds are paid out from Arizona bank accounts owned by CC Bill to recipients designated by Defendant.

35.    Upon information and belief, Plaintiff avers that each Defendant, individually, corporately, jointly and/or severally, acted intentionally, knowingly, negligently or through willful blindness, as an agent, or representative of each and every, all and singular, the other Defendants, and acted to further the ends of the illegal and improper purposes alleged herein in a common course or scheme to infringe on the Plaintiff's copyrighted intellectual property for illegal profit and monetary gain.

## STATEMENT OF FACTS

36.    Upon information and belief, Teens-boys-world.com is a website that provides adult-oriented audio-visual content to the general public in Arizona without the notice of record keeping location as required by 18 U.S.C. 2257

37.    Copyright law states that any material that is "reproduced, performed, publicly displayed, or made into a derivative work without permission" is an illegal violation of the rights of the copyright owner.  By its definition each view constitutes a separate and distinct instance of infringement that is produced on a viewer's computer.  Plaintiff's intellectual property was available on Defendant's websites for months to Defendant's paid members.  Defendant charged members a fee that allowed those members to view and download copies of videos on the websites, including Plaintiff's.

38.    Upon information and belief, a large portion of videos available on the website were copyrighted videos that, upon information and belief, were not owned or licensed by

Defendant but are owned by well-known and long-established members of the adult–oriented audio-visual entertainment industry.

39.     Upon information and belief, the Defendant does not qualify for safe harbor protection under the Digital Millennium Copyright Act (DMCA).

40.     Plaintiff owns the worldwide rights to its extensive library of high-quality content.

41.     Plaintiff has dedicated significant resources to create, distribute, and protect its works.  In addition, Plaintiff dedicates resources to be in compliance with applicable laws in order to protect the integrity of their works and the overall adult entertainment industry.

42.     The viability and profitability of Plaintiff is based upon monies and revenue earned from Plaintiff's intellectual property, including copyrights in Plaintiff's films.

43.     The Internet, in conjunction with recent significant advances in technology, hardware and software, has resulted in the availability of effective means for circumventing the intellectual property ownership rights in nearly every industry, including adult entertainment. The pervasive and intense online infringement cripples the legitimate the adult entertainment industry, providing unfettered, unregulated, free access to copyrighted works originally produced by reputable businesses and persons.

44.     Upon information and belief, these infringers operated without any accountability to governmental requirements or regulations, without any actual investment in the creation of the works, and without any commitment to the vision of the future of the industry.  Nonetheless, these infringers utilized, displayed, and distributed copyrighted works for which they had no right or proper license for their own commercial and financial benefit.  These actions have caused and continue to cause significant damage to the business and reputation of the true copyright owners.

45.     Upon information and belief, Defendant website is a subscription membership web site business, selling controlled access to a member's area that contained Plaintiff's videos. [See Attachment 4 Defendants' Join Form].

46.     Defendants enjoyed direct financial benefits from unauthorized display of Plaintiff's copyrighted content, which deprives Defendants of any safe harbor defenses under the Digital Millennium Copyright Act.  Defendant's website took commercial advantage of copyrighted works without any authority whatsoever and derived financial benefit from the copyrighted works.  This significant commercial and financial advantage was obtained without purchasing or licensing any rights from the copyright holder or incurring the significant expense of creating and generating the content itself.

47.     Upon information and belief, Defendants' use of unauthorized works without compensation to the works' legitimate owners has provided direct financial benefits to the Defendants.

48.     Upon information and belief, Defendant has created, owns, and/or operates the Internet Web sites Teens-boys-world.com and tbwstudios.com.  In concert with the Doe Defendants, Defendant Defendants used these sites to display and distribute Plaintiff's films, among others, to Internet Users. Defendants and the Doe Defendants each know, or have reason to know, that there is no proper license or authority to display and distribute Plaintiff's films on Defendants' websites and no proper license or authority to or obtain commercial financial gain from such display and distribution.

49.     Upon information and belief, Defendants did not initially allow users to view full versions of Plaintiff's films or download Plaintiff's film to the user's computer, although a user was allowed to view preview images.  If the Internet user wished to view the video, the user was presented with the option of becoming a paying Member. The various options presented to the

website user included a ten (10) day trial subscription for $14.95 that rebills every 30 days at $19.95; a thirty (30) day subscription for $22.95 that rebills every 30 days at $19.95; a one-time monthly membership for $29.95 that does not rebill; and a sixty (60) day membership for $49.95 that does not rebill.  [See Attachment 4]

50.     Upon information and belief, Defendants uses the services of an Arizona-based payment processor, CC Bill, among others, to collect credit and debit card payments from users who sign up for a premium membership.  Financial benefits from the infringement flow through this Arizona payment processor, and Arizona banks, to Defendants. [See Attachment 4 Defendants Join Form and Attachment 1 CC Bill Contact Page].

51.     Upon information and belief, this Paid Membership allowed the website user to view Plaintiff's works, download the unauthorized and uncompensated copyrighted work belonging to Plaintiff, and receive 24/7 customer support from Defendant to facilitate the viewing and downloading of Plaintiff's copyrighted works; all allowing Defendants to directly and commercially benefit from Plaintiff's work without any benefit to Plaintiff.

52.     Upon information and belief, the Internet user, initially lead to believe that Defendants' websites contained authorized works owned by Plaintiff, is presented with paid options to view and download the unauthorized works owned by Plaintiff.  The user is permitted to view and download the films only after paying a Membership Fee to Defendant, which financially benefitted Defendant but without any compensation to the legitimate rights owner. Defendants enticed potential consumers with unauthorized copies of Plaintiff's property without any benefit to Plaintiff.

53.     Upon information and belief, Plaintiff's copyrighted works have been infringed by Defendants and the Doe Defendants through the reproduction, distribution, and public display of Plaintiff's films by and through the Internet Web site Defendants for which Defendant owns

the domain registrations and/or is the beneficial owner and to which Defendants and the Doe Defendants, stakeholders of the site, provide essential equipment and support.

54.     On or about July 2016, an initial search of Defendant's website revealed and documented sixteen (16) separate instances of copyright infringement of Plaintiff's copyrighted and trademarked intellectual property.  As of the date of this Complaint, these sixteen (16) instances of infringement, identified by name and registration number in the following paragraphs, were documented as being displayed and distributed on the various Defendant websites.  Each of these films were displayed and distributed by Defendants and the Doe Defendants, each individually and acting in concert with each other, without the consent of, or licensing by, Plaintiff, the copyright owner and registrant of the motion picture.

55.     Plaintiff marks each film with a copyright notice and trademark in order to inform the public of Plaintiff's ownership.  Upon information and belief Defendants have altered Plaintiff's films in that these notices and marks have been removed or obscured.  Defendants intentionally delete, blur or obscure Plaintiff's watermarks and logos from Plaintiff's videos displayed on Defendants' website, causing consumers to be confused as to the origin of the audio-video content.

56.     Upon information and belief, Defendants have actual knowledge and clear notice of this extensive infringement of Plaintiff's titles.  The infringement is clear and obvious even to the most naïve observer.  Plaintiff's films are indexed, displayed and distributed on Defendant websites through Defendant and the Doe Defendants acting in concert.  Defendant inserted a link to Plaintiff's website next to displays of Plaintiff's videos, and similar linking next to other producers' videos, showing knowledge of the true source of the videos.  Defendant included the names of the video actors in several of Defendant's video descriptions, also showing knowledge

of the source of the videos. Plaintiff's and other major producers' trademarks are used to index and describe infringing material which is further evidence of knowledge and intent.

57.     Defendant has never paid any compensation to Plaintiff for display of Plaintiff's copyrighted works.

58.     Plaintiff has never entered into any agreement with Defendant that would allow Defendant to display Plaintiff's copyrighted works.

59.     By virtue of the conduct alleged herein, Defendants knowingly promote, participate in, facilitate, assist, enable, and materially contribute to, copyright and trademark infringement, and thereby have infringed the copyrights and trademarks in Plaintiff's copyrighted work, including but not limited to those listing the paragraphs below.

60.     Plaintiffs have incurred attorneys' fee and other costs in this action.

61.     All conditions precedent to the maintenance of this action have occurred, have been performed, or have otherwise been satisfied.

CLAIMS FOR RELIEF

COUNT I

Copyright Infringement

62.     In July 2016, Plaintiff documented www.Teens-boys.world.com display, and offer for paid member viewing, Plaintiff's copyrighted work Offensively Large: Jack Harrer, Joel Birkin, Arne Coen, protected by Copyright Registration PA0001993624 and Trademark Registrations 4190297 and 2183332; specifically located at Teens Boys World Collections Page 1. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Plaintiff, the copyright owner of the motion picture and trademark owner.

63.     In July 2016, Plaintiff documented www.Teens-boys.world.com display, and offer for paid member viewing, Plaintiff's copyrighted work Last Summer In Greece, Part 1, protected by Copyright Registration PA0001993624 and Trademark Registrations 4190297 and 2183332; specifically located at  Teens Boys World Collections Page 1. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Plaintiff, the copyright owner of the motion picture and trademark owner.

64.     In July 2016, Plaintiff documented www.Teens-boys.world.com display, and offer for paid member viewing, Plaintiff's copyrighted work New Hungarian Beauties, protected by Copyright Registration PA0002009666 and Trademark Registration 4462597; specifically located at  Teens Boys World Collections Page 3. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Plaintiff, the copyright owner of the motion picture and trademark owner.

65.     In July 2016, Plaintiff documented www.Teens-boys.world.com display, and offer for paid member viewing, Plaintiff's copyrighted work A Matter of Size, Jack & Peter, protected by Copyright Registration PA0002009666 and Trademark Registrations 4190297 and 2183332; specifically located at  Teens Boys World Collections Page 4. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Plaintiff, the copyright owner of the motion picture and trademark owner.

66.     In July 2016, Plaintiff documented www.Teens-boys.world.com display, and offer for paid member viewing, Plaintiff's copyrighted work Addicted to Kris, protected by Copyright Registration PA0001993624 and Trademark Registrations 4190297 and 2183332; specifically located at  Teens Boys World Collections Page 5. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Plaintiff, the copyright owner of the motion picture and trademark owner.

67.     In July 2016, Plaintiff documented www.Teens-boys.world.com display, and offer for paid member viewing, Plaintiff's copyrighted work Photo session Video: Torsten Ullman, protected by Copyright Registration PA0002009666 and Trademark Registrations 4190297 and 2183332; specifically located at  Teens Boys World Collections Page 7. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Plaintiff, the copyright owner of the motion picture and trademark owner.

68.     In July 2016, Plaintiff documented www.Teens-boys.world.com display, and offer for paid member viewing, Plaintiff's copyrighted work Jerome Exupery, Jeroen Mondrian, protected by Copyright Registration PA0001993614 and Trademark Registrations 4190297 and 2183332; specifically located at  Teens Boys World Collections Page 8. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Plaintiff, the copyright owner of the motion picture and trademark owner.

69.     In July 2016, Plaintiff documented www.Teens-boys.world.com display, and offer for paid member viewing, Plaintiff's copyrighted work Ariel Vanean, Marcel Gassion, Peter Annaud, protected by Copyright Registration PA0002009666 and Trademark Registrations 4190297 and 2183332; specifically located at  Teens Boys World Collections Page 10. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Plaintiff, the copyright owner of the motion picture and trademark owner.

70.     In July 2016, Plaintiff documented www.Teens-boys.world.com display, and offer for paid member viewing, Plaintiff's copyrighted work Fresh & Tender, protected by Copyright Registration PA0001993615 and Trademark Registration 4462597; specifically located at  Teens Boys World Collections Page 13. This copyrighted and trademark protected

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

work was displayed on Defendants website without the consent of, or licensing by, Plaintiff, the copyright owner of the motion picture and trademark owner.

71.     In July 2016, Plaintiff documented www.Teens-boys.world.com display, and offer for paid member viewing, Plaintiff's copyrighted work Adam Archuleta and Peter Annaud, protected by Copyright Registration PA0002008848 and Trademark Registrations 4190297 and 2183332; specifically located at  Teens Boys World Collections Page 16. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Plaintiff, the copyright owner of the motion picture and trademark owner.

72.     In July 2016, Plaintiff documented www.Teens-boys.world.com display, and offer for paid member viewing, Plaintiff's copyrighted work Lick & Stick, protected by Copyright Registration PA0002007740 and Trademark Registrations 4190297 and 2183332; specifically located at  Teens Boys World Collections Page 16. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Plaintiff, the copyright owner of the motion picture and trademark owner.

73.     In July 2016, Plaintiff documented www.Teens-boys.world.com display, and offer for paid member viewing, Plaintiff's copyrighted work Get Your Pants Off!, protected by Copyright Registration PA0002001518 and Trademark Registrations 4190297 and 2183332; specifically located at  Teens Boys World Collections Page 17. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Plaintiff, the copyright owner of the motion picture and trademark owner.

74.     In July 2016, Plaintiff documented www.Teens-boys.world.com display, and offer for paid member viewing, Plaintiff's copyrighted work Offensively Large, protected by Copyright Registration PA0002007739 and Trademark Registrations 4190297 and 2183332; specifically located at  Teens Boys World Collections Page 19. This copyrighted and trademark

protected work was displayed on Defendants website without the consent of, or licensing by, Plaintiff, the copyright owner of the motion picture and trademark owner.

75.     In July 2016, Plaintiff documented www.Teens-boys.world.com display, and offer for paid member viewing, Plaintiff's copyrighted work Joel Continues with his Conquest, protected by Copyright Registration PA0001993614 and Trademark Registration 4462597; specifically located at  Teens Boys World Collections Page 20. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Plaintiff, the copyright owner of the motion picture and trademark owner.

76.     In July 2016, Plaintiff documented www.Teens-boys.world.com display, and offer for paid member viewing, Plaintiff's copyrighted work Jerome Exupery and Helmut Huxley, protected by Copyright Registration PA0002009666 and Trademark Registrations 4190297 and 2183332; specifically located at  Teens Boys World Collections Page 23. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Plaintiff, the copyright owner of the motion picture and trademark owner.

77.     In July 2016, Plaintiff documented www.Teens-boys.world.com display, and offer for paid member viewing, Plaintiff's copyrighted work Answered Prayers, protected by Copyright Registration PA0001991237 and Trademark Registration 4462597; specifically located at  Teens Boys World Collections Page 25. This copyrighted and trademark protected work was displayed on Defendants website without the consent of, or licensing by, Plaintiff, the copyright owner of the motion picture and trademark owner.

78.     The foregoing constitutes reproduction, distribution, public performance, public display and/or preparation of derivatives of Plaintiff's copyrighted works by Defendants.

79.     Defendants' reproduction, distribution, public performance, public display and/or preparation of derivatives of Plaintiff's copyrighted works, as alleged herein, have been done without Plaintiff's permission.

80.     Defendants' reproduction, distribution, public performance, public display and/or preparation of derivatives of Plaintiff's copyrighted works, as alleged herein, have not been done for purposes of criticism, comment, news reporting, teaching, scholarship, or research.

81.     Defendants' reproduction, distribution, public performance, public display and/or preparation of derivatives of Plaintiff's copyrighted works, as alleged herein, constitute a violation of Plaintiff's exclusive rights, as set forth in 17 U.S.C. § 106.

82.     Defendants' conduct was willful within the meaning of 17 U.S.C. § 101, et seq. At a minimum, Defendants acted with willful blindness and reckless disregard of Plaintiff's registered copyrights.

83.     Because of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement.  *See* 17 U.S.C. § 501.  Plaintiff suffers and will continue to suffer substantial losses, including, but not limited to, damage to its business reputation and goodwill.

84.     The law permits Plaintiff to recover damages, including readily ascertainable direct losses and all profits Defendants made by their wrongful conduct.  *Id.* § 504. Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c)

85.     Because of Defendants' willful infringement, the law permits enhancement of the allowable statutory damages.  *Id.* § 504(c)(2).

86.     The law permits Plaintiff injunctive relief.  *Id.* § 502.  Further, the law permits a Court Order impounding any and all infringing materials and instrumentalities.  *Id.* § 503.

87.     Plaintiff has no adequate remedy at law for Defendants' wrongful conduct, as follows:

      a.   Plaintiff's copyrights are unique and valuable property having no readily determinable market value;

      b.   Defendants' infringement harms Plaintiff's business reputation and goodwill such that Plaintiff could not be made whole by any monetary award; and

      c.   Defendants' wrongful conduct and damages to Plaintiff are continuing and unremitting.

88.     Plaintiff is entitled to preliminary and permanent injunctive relief prohibiting further infringement of Plaintiff's copyrights.  17 U.S.C. § 502.

Count II

Contributory Copyright Infringement

89.     Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

90.     On information and belief, Defendants have engaged in the business of knowingly inducing, causing, and/or materially contributing to unauthorized reproduction, adaptation, public display and/or distribution of copies of the Plaintiff's copyrighted works, and thus to the direct infringement of Plaintiff's copyrighted works.

91.     On information and belief, Defendants' actions constitute contributory infringement of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501

92.     Defendants' unauthorized publication of Plaintiff's copyrighted works constitutes infringement of Plaintiff's rights in and to each of the copyrighted works and each publication constitutes a separate and distinct infringement.

93.     By enabling, causing, facilitating, and materially contributing to, the unauthorized publication and reproduction, distribution, and public display of unauthorized copying of Plaintiff's copyrighted works in the manner described above, with full knowledge of the illegality of such conduct, Defendants have contributed to significant copyright and trademark infringements against Plaintiff.

94.     The unauthorized reproduction, distribution, and public display of Plaintiff's copyrighted works that Defendants enable, cause, and materially contribute to the acts described above are without Plaintiff's consent and are not otherwise permissible under the Copyright Act.

95.     The acts of infringement by Defendants have been willful, intentional, purposeful and in reckless disregard of and with indifference to Plaintiff's rights.

96.     As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the Plaintiff's copyrighted works, Plaintiff is entitled to its actual damages and Defendants' profits pursuant to 17 U.S.C. § 504(b)

97.     Alternatively, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c)

98.     Plaintiff is further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505

<u>COUNT III</u>

<u>False Designation of Origin under the Lanham Act</u>

99.     Plaintiff repeats, re-alleges, and incorporates by reference each and every preceding allegation set forth herein.

100.    Upon information and belief, Defendant's conduct is likely to cause confusion, mistake or deception as to Defendants' affiliations, connection, or association with Plaintiff, or as to the origin, sponsorship or approval of their goods or commercial activities.

101.    Defendants' conduct as alleged herein, including but not necessarily limited to their use of Plaintiff's marks, constitutes false designation of origin pursuant to 15 U.S.C. § 1125(a).

102.    Plaintiff has been damaged by these acts in an amount to be proven at trial. Plaintiff is also entitled under the Lanham Act to injunctive and equitable relief against Defendants.

## PRAYER FOR RELIEF

A.    That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors and assigns and parent and subsidiary corporations or other related entities, and any or all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

(1)    Any further display of Plaintiff's intellectual property;

(2)    Any further use of Plaintiff trade dress and terms which is confusingly similar thereto;

(3)    Directly or indirectly using Plaintiff trade dress and terms or confusingly similar trade dress and terms, either alone or in combination with other terms, marks, symbols or trade dress;

(4)    Any further use of Plaintiff trade dress or terms, or any element thereof, in connection with the marketing or sale of adult entertainment;

(5)    Performing any action or using any trade dress, terms, or other name, mark, symbol, imagery or slogan which is likely to cause confusion or mistake, or to deceive or

otherwise mislead the trade and/or public into believing that Plaintiff and Defendants are one and the same, or in some way connected, or that Plaintiff is the sponsor of Defendants or their products, or the Defendants in some manner are affiliated or associated with, or under the supervision of Plaintiff, or that Defendants' products originate with Plaintiff, or are connected or offered with the approval, consent, authorization, or under the supervision of Plaintiff;

(6)     Marketing or selling any product containing or utilizing Plaintiff' intellectual property or business values; or

(7)     Any other conduct constituting unfair competition with Plaintiff, misappropriation of Plaintiff trade dress or terms or business values, or a violation of the Florida Code.

B.     That Defendants be ordered to transfer the domains teens-boys-world.com, tbwstudio.com, and all similar domains held by Defendant found in discovery, such as misspellings of the enumerated domains, domains held by Defendant linked to teens-boys-world.com, and the content therein to Plaintiff.

C.     That Defendants be ordered to file with the Court and serve upon Plaintiff, within thirty (30) after the entry of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with any ordered injunction;

D.     That Plaintiff be awarded damages in an amount to be determined at trial all infringing activities, including Plaintiff damages and lost profits, Defendants' profits, plus any costs incurred in preventing future confusion, mistake or deception, all from the date of first infringement; and enhanced statutory damages of $150,000 per infringement.

E.     That Defendants pay Plaintiff a sum sufficient to cover the cost of corrective advertising necessary to alleviate any existing or lingering confusion resulting from Defendants' unauthorized use of Plaintiff trade dress and terms;

F.     That Defendants be ordered to account to Plaintiff for all profits, gains and advantages which they have realized as a consequence of their unauthorized use of Plaintiff trade dress and terms, as well as any confusingly similar trade dress or terms;

G.     That Plaintiff be awarded enhanced damages and attorney's fees;

H.     That Plaintiff be awarded pre-judgment and post-judgment interest;

I.     That Plaintiff be awarded costs and expenses incurred in prosecuting this action, including expert witness fees; and

J.     That such other and further preliminary and permanent relief be awarded to Plaintiff as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED:  December 19, 2016                      Respectfully submitted,

By:

/s/ Chad L. Belville

Chad Belville, Attorney at Law
*Arizona Bar 020771*
945 E Playa Del Norte
Tempe, AZ 85281

MAILING ADDRESS:

P.O. Box 63333

Phoenix, AZ 85082

Telephone:  602-904-5485
E-mail cbelville@azbar.org

ATTORNEY FOR PLAINTIFF

1

2                                    TABLE OF ATTACHMENTS

3

4    1.      CC Bill Contact Page (Defendant payment processor)

5    2.      WhoIs Record for Defendant websites

6    3.      ENOM (registrar) contact information page

7    4.      Defendants CC Bill Join Form

8    5.      Defendants Static Pages

9                a.   Defendant Membership pricing page

10               b.   2257 Statement

11               c.   Defendants Advertise Page

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26



Admin Login   Merchant Login   Contact Us   Merchant Chat   Manage Order   888.736.6474

Payment Processing | Billing Solutions | Fraud Protection | Member Management | Marketing Services | 24/7 Consumer Support | Pricing | **LEARN MORE ▶**



# ABOUT US

Home : About Us



## About Us

Policies
Success Stories

- - - - - - - - - - - - - - - - - -

### Developers Area
Integration Center
APIs
Demos
FAQs
Merchant Support
Integration Partners
Blog

## About CCBill

As a trusted leader in global payment solutions since 1998, CCBill processes more than a billion dollars in transactions each year and is one of the largest third-party payment processors. CCBill maintains a comprehensive set of proprietary backend and Web-based administration systems to effectively process transactions for a wide variety of markets and help provide businesses the tools and practices necessary to successfully operate.

CCBill understands the credit card and payment industries, and is committed to delivering innovative solutions to support the initiatives of Merchant clients and meet all compliance standards. An impeccable payment record, reliable problem-solving techniques, executive team with more than 100 years of payment processing experience, and phenomenal consumer support underscore CCBill's commitment to the markets it serves.

## CCBill EU

With offices in Paola, PLA 1411, Malta, CCBill EU was established to provide a processing solution to European-based businesses that wish to offer Visa as a payment option. Backed by CCBill, the company has supported the processing needs of European online Merchants since 2002. For more information on CCBill EU, please visit About CCBill

### COMPANY CONTACT

**Corporate Address:**
2353 W. University Dr.
Tempe, AZ 85281-7223
480.449.7751

**CCBill EU, ltd. Business Address:**
First Floor,
CC Buildings
Palm Street
Paola PLA 1411, Malta

**CCBill EU, ltd. Mailing Address:**
2353 W. University Dr.
Tempe, AZ 85281-7223
USA

### ADVANCED
PAYMENT PROCESSING

LIVE CHAT 

 **DOMAINTOOLS**    PROFILE ▾   CONNECT ▾   MONITOR ▾   ACQUIRE ▾   SUPPORT    Whois Lookup 🔍    LOGIN    **Sign Up**

Home › Whois Lookup › Teens-Boys-World.com

## Whois Record for Teens-Boys-World.com

How does this work?

### ⊟ Whois & Quick Stats

| | |
|---|---|
| Email | abuse@enom.com is associated with ~11,369,980 domains<br>2276f2d8f6864b519f98d...@whoisguard.com |
| Registrant Org | WHOISGUARD, INC. was found in ~4,544,226 other domains |
| Registrar | ENOM, INC. |
| Registrar Status | clientTransferProhibited |
| Dates | Created on 2003-05-14 - Expires on 2017-05-14 - Updated on 2016-07-25 |
| Name Server(s) | DNS1.REGISTRAR-SERVERS.COM (has 1,947,558 domains)<br>DNS2.REGISTRAR-SERVERS.COM (has 1,947,558 domains) |
| IP Address | 209.126.113.1 - 2 other sites hosted on this server |
| IP Location | 🇺🇸 Missouri - Saint Louis - Andrii Balytskyi |
| ASN | 🇺🇸 AS30083 SERVER4YOU - server4you Inc., US (registered Jul 16, 2003) |
| Domain Status | Registered And Active Website |
| Whois History | 376 records have been archived since 2003-12-13 |
| IP History | 18 changes on 10 unique IP addresses over 11 years |
| Registrar History | 2 registrars |
| Hosting History | 14 changes on 8 unique name servers over 13 years |
| Whois Server | whois.enom.com |

### ⊟ Website

| | |
|---|---|
| Website Title | 🅣 TBWStudio: Teens-Boys-Word |
| Server Type | nginx |
| Response Code | 200 |
| SEO Score | 90% |
| Terms | 405 (Unique: 177, Linked: 8) |
| Images | 0 (Alt tags missing: 0) |
| Links | 2 (Internal: 1, Outbound: 1) |

### Whois Record ( last updated on 2016-08-24 )

```
Domain Name: TEENS-BOYS-WORLD.COM
Registry Domain ID: 97918624_DOMAIN_COM-VRSN
Registrar WHOIS Server: whois.enom.com
Registrar URL: www.enom.com
Updated Date: 2016-04-15T05:20:29.00Z
Creation Date: 2003-05-14T22:54:00.00Z
Registrar Registration Expiration Date: 2017-05-14T22:54:34.00Z
Registrar: ENOM, INC.
Registrar IANA ID: 48
Reseller: NAMECHEAP.COM
Registrar Status: clientTransferProhibited https://www.icann.org/epp#clientTransferProhibited
Registry Registrant ID:
Registrant Name: WHOISGUARD PROTECTED
Registrant Organization: WHOISGUARD, INC.
Registrant Street: P.O. BOX 0823-03411
Registrant City: PANAMA
Registrant State/Province: PANAMA
Registrant Postal Code: 00000
Registrant Country: PA
Registrant Phone: +507.8365503
Registrant Phone Ext:
Registrant Fax: +51.17057182
Registrant Fax Ext:
Registrant Email: 2276F2D8F68648519F98D9FD504F40C0.PROTECT@WHOISGUARD.COM
Registry Admin ID:
Admin Name: WHOISGUARD PROTECTED
Admin Organization: WHOISGUARD, INC.
Admin Street: P.O. BOX 0823-03411
Admin City: PANAMA
Admin State/Province: PANAMA
Admin Postal Code: 00000
Admin Country: PA
Admin Phone: +507.8365503
Admin Phone Ext:
Admin Fax: +51.17057182
Admin Fax Ext:
Admin Email: 2276F2D8F68648519F98D9FD504F40C0.PROTECT@WHOISGUARD.COM
Registry Tech ID:
Tech Name: WHOISGUARD PROTECTED
Tech Organization: WHOISGUARD, INC.
Tech Street: P.O. BOX 0823-03411
Tech City: PANAMA
Tech State/Province: PANAMA
Tech Postal Code: 00000
Tech Country: PA
Tech Phone: +507.8365503
Tech Phone Ext:
Tech Fax: +51.17057182
Tech Fax Ext:
Tech Email: 2276F2D8F68648519F98D9FD504F40C0.PROTECT@WHOISGUARD.COM
Name Server: DNS1.REGISTRAR-SERVERS.COM
Name Server: DNS2.REGISTRAR-SERVERS.COM
DNSSEC: unSigned
Registrar Abuse Contact Email: abuse@enom.com
Registrar Abuse Contact Phone: +1.4252982646
URL of the ICANN WHOIS Data Problem Reporting System: http://wdprs.internic.net/
```

### Tools

| | |
|---|---|
| Whois History | Hosting History |
| Monitor Domain Properties | ▾ |
| Reverse Whois Lookup | ▾ |
| Reverse IP Address Lookup | ▾ |
| Reverse Name Server Lookup | ▾ |

### Network Tools ▾

| | |
|---|---|
| Buy This Domain ▾ | Visit Website |



View Screenshot History

### Available TLDs

General TLDs | Country TLDs

The following domains are available through our preferred partners. Select domains below for more information. (3rd party site)

■ Taken domain.
■ Available domain.
■ Deleted previously owned domain.

| | |
|---|---|
| Teens-Boys-World.com | View Whois |
| Teens-Boys-World.net | View Whois |
| Teens-Boys-World.org | Buy Domain |
| Teens-Boys-World.info | Buy Domain |
| Teens-Boys-World.biz | Buy Domain |
| Teens-Boys-World.us | Buy Domain |

⬇ Preview the Full Domain Report



**Domains**        **Web Security**        **Websites**        **Hosting**        **Email & Apps**        **All Products**

# Contact Us

## Enom Headquarters

5808 Lake Washington Blvd.
Ste. 300
Kirkland, WA 98033 USA
Directions

## General Contact

(425) 974-4689

## Careers

View all open positions here

## Reseller Sales

(425) 274-4500

## Accounting

Fax: (425) 298-2796

## Legal

For all legal matters email our legal department

## Report Domain Abuse

Spam, phishing, unsolicited email?
Submit a complaint

## Online Support

Try our Support Center

## Support Fax

(425) 974-4791

## Technical Support

Have your PIN ready and call:
(425) 274-4500

**Enom, a Leading Domain Name Registrar Since 1997**



CCBill LLC is a designated payment processor for Ivan Foka



**CC BILL.com**

www.teens-boys-world.com

### PRICING

Payment Options

$29.95 for 30 days (non-recurring)

### PERSONAL INFORMATION

First Name
Chad

Last Name
Belville

Address
PO Box 63333

City
Phoenix

State
Arizona

Postal Code

Country
United States

Email Address

### PAYMENT INFORMATION

Type of Account
◉ Checking   ○ Savings

Account Number

Name on Account

Routing Number

CCBill.com *Ivan Foka will appear on your billing statement.

By completing this order, I confirm that I am 18 (some locations, 21) years or older and agree with the privacy statement and general terms and conditions.

✓ Submit Order

**PCI compliant**
100% Data and Payment Protection

SECURED BY
**thawte**
it's a trust thing!"

Consumer Support
1-888-596-9279 (U.S.)
Email address: support@ccbill.com
Copyright © 2016 ccbill.com

NOTE: Your IP address [24.255.7.117] has been logged with this transaction.

# TBWSTUDIO

**Please choose subscription type**



| TRIAL subscription | MONTHLY subscription | MONTHLY no-rebills | 60-DAY no-rebills |
|---|---|---|---|
| 10 DAY | 30 DAYS | 30 DAYS | 60 DAYS |
| 14.95$ | 22.95$ | 29.95$ | 49.95$ |
| after trial period - rebilled with **19.95$ every 30 days** | Initial bill 22.95$ for first 30 days, after this **19.95$ every 30 days** | One time payment 29.95$ for 30-day membership | One time payment 49.95$ for 60-day membership |
| Subscribe | Subscribe | Subscribe | Subscribe |



# TBWSTUDIO
### Teens Boys World

Site update 30.07.2016 **284 videos 511 photo galleries**
Updates every day.



**HOME**   JOIN NOW   **MEMBERS**   VIDEOS   PHOTOS   COLLECTIONS   MODELS   CONTACT

I am an adult at least 18 years old, or of legal age for viewing adult materials in my community, town, city, state or country.
The sexually explicit material I am viewing is for my own personal use and I will not expose minors to this material. I believe that as an adult it
is my inalienable right to receive/view sexually explicit material.

I believe that sexual acts between consenting adults in are neither offensive nor obscene.

The viewing, reading and downloading of sexually explicit materials does not violate the standards of my community, town, city, state or country.

I am solely responsible for any false disclosures or legal ramifications of viewing, reading or downloading any sexually explicit material. Furthermore this website nor its affiliates will be held responsible for any legal ramifications arising from fraudulent entry into or use of this website.

This warning page constitutes a legal agreement between this website and you and/or any business in which you have any legal or equitable interest.

If any portion of this agreement is deemed unenforceable by a court of competent jurisdiction it shall not affect the enforceability of the other portions of the agreement. All performers on this website are over the age of 18, have consented being photographed and/or filmed in sexually explicit videos, have signed model release and provided proof of age, believe it is their right to engage in consensual sexual acts for the sake of entertainment and/or education of other adults and believe it is your right as an adult to watch them doing what adults do. All models appearing on this website are 18 years or older.

By entering this website you swear that you are of legal age in your area to view sexually explicit material and that you wish to view such material. The videos the images on this website are intended to be used by responsible adults as sexual aids, to provide sexual education and to provide sexual entertainment.

All performers were given an opportunity to be tested for sexually transmitted diseases at no charge to themselves within a reasonable amount of time before their performance.

**HD**    DRM FREE    mac friendly    MOBILE Compatible   | **Webmasters** click here     

All models were 18 years of age or older at the time of filming     18 U.S.C 2257 Record-Keeping Requirements Compliance Statement

© All Rights Reserved 2004-2020 TBWstudio



**TBW**STUDIO

Teens Boys World

Site update 30.07.2016   284 videos 511 photo galleries

Updates every day.

## Navigation

HOME | JOIN NOW | MEMBERS | VIDEOS | PHOTOS | COLLECTIONS | MODELS | CONTACT

# WEBMASTERS

If you have any questions or would like more information, please contact us at webmaster@teens-boys-world.com and we'll be only too pleased to help. You may use the photos and preview trailers displayed on the site to advertise TBW.

**YOU CAN REQUEST FREE PASSWORD FOR PROMO MATERIALS BY EMAIL**

**Please fill form below:**

**To load your current data, please enter your ID, username and password.**

**If you have not yet signed up under a CCBill sponsored referral program you can**

create a new account



**Current ID**

**Username**

**Password**

Retrieve data

**Banners and linkcodes you can find/generate inside your CCBILL account.**

HD

DRM FREE

 mac friendly

MOBILE Compatible

Webmasters click here

  

All models were 18 years of age or older at the time of filming        18 U.S.C 2257 Record-Keeping Requirements Compliance Statement

© All Rights Reserved 2004-2020 TBWstudio